```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,      :

    Plaintiff,             :

  v.                            :     Case No. 2:03-cr-0065

Ceaser K. Walls,               :     JUDGE SARGUS

    Defendant.             :

<u>DETENTION ORDER</u>

The above defendant came before the Court for a detention hearing on April 20, 2006.  Following the hearing, the Court ordered the defendant detained without bond pending his final supervised release revocation hearing.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant commenced a term of supervised release on February 20, 2003.  In the petition filed with the Court on February 3, 2006, it was alleged that the probation officer discovered on November 16, 2004 that the defendant had changed his address and his employment without notifying the Probation Office.  He was also alleged to have failed to submit monthly reports since September, 2004, tested positive for the use of marijuana on seven occasions in 2004, and failed to complete making restitution to the Huntington National Bank of Newcomerstown, Ohio.  The defendant waived the preliminary supervised release revocation hearing, thereby establishing probable cause to believe that he violated the terms and conditions of his supervised release.  Under those circumstances, it became the defendant's burden to prove by clear and convincing evidence that he was neither a danger to the community nor a risk of flight.

It appears that the defendant has been working steadily since the time he stopped reporting to the probation officer and that he had not incurred any new legal violations.  However, the length of time during which he was essentially an absconder from supervision is of concern.  Further, the defendant had a prior term of supervised release revoked because he committed the offense for which he is now serving supervised release, bank robbery, while on supervised release from a drug conviction.  He also appears to have relapsed into drug use while on supervision.  Although some type of counseling or treatment might be appropriate to address any substance abuse issue which might remain, the Court simply could not conclude that the defendant had met his burden of demonstrating by clear and convincing evidence that, at a minimum, he was not a risk of non-appearance.  Further, the commission of another serious federal felony while on supervised release for a federal felony is evidence of a danger to the community, and the defendant similarly did not meet his burden of showing by clear and convincing evidence that no danger would be posed by his release.  Consequently, the Court concluded that he ought to be detained without bond pending his final supervised release revocation hearing.

The defendant was advised of his right to seek review of this order from a United States District Judge under 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge